UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>        Plaintiff,<br><br>    v.<br><br>C. MARTINEZ,<br><br>        Defendant. | Case No. 1:21-cv-01144-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>(Doc. 2)<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign District Judge |

      Plaintiff Lyralisa Lavena Stevens is a state prisoner proceeding *pro se* in this action. On July 22, 2021, Plaintiff filed a motion to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. (Doc. 2.) According to the inmate trust account statement submitted by the California Department of Corrections and Rehabilitation (CDCR), Plaintiff had $1,418.92 on the date she submitted her IFP application. (Doc. 4). This is more than enough to pay the $402 filing fee for this action.

      On August 2, 2021, the Court issued an order to show cause why the motion to proceed IFP should not be denied. (Doc. 7.) Plaintiff filed a response on August 12, 2021. (Doc. 10.) Plaintiff states that she received an "EIP stimulus check" that did not become available in her trust account until "7-9-21," and "[t]herefore it was impossible for Plaintiff to pay the $402.00 filing fee . . . on Aug. 02, 2021." (*Id.* at 1.)

It appears that Plaintiff believes "7-9-21" stands for August 9, 2021, (*see id.*), when it actually stands for July 9, 2021. According to the inmate trust account statement submitted by CDCR, (Doc. 4), as well as the statement submitted by Plaintiff herself with her response, (Doc. 10 at 3-4), Plaintiff's account was credited $1,400 on July 9, 2021. On July 22, 2021—the date that Plaintiff filed her IFP application—Plaintiff had $1,418.42 available in her trust account. (Doc. 4 at 2.)

As explained in the order to show cause, proceeding "in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed IFP, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "'the same even-handed care must be employed to assure that federal funds are not squandered to underwrite . . . either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar,'" *Doe v. Educ. Enrichment Sys.*, No. 15-cv-2628-MMA-MDD, 2015 U.S. Dist. LEXIS 173063, *2 (S.D. Cal. 2015) (citation omitted).

Plaintiff had adequate funds to pay the filing fee for this action when she filed her motion to proceed *in forma pauperis* (Doc. 2). Accordingly, the Court RECOMMENDS that the motion be DENIED. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 13, 2021**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE