|  |  |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>             Plaintiff,<br><br>     v.<br><br>C. MARTINEZ,<br><br>             Defendant. | Case No. 1:21-cv-01144-AWI-SKO (PC)<br><br>ORDER REGARDING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND DEMAND FOR TRIAL BY JURY<br><br>(Docs. 15 & 16) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Lyralisa Lavena Stevens is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 14, 2022, Plaintiff filed a Request for Judicial Notice (Doc. 15) and a Demand for Trial by Jury (Doc. 16). The Court addresses each in turn.

Plaintiff asks the Court to take judicial notice of "self authenticating documents," including correspondence to Plaintiff from the California Department of General Services dated January 12, 2022 (Doc. 15 at 2), a State of California Government Claim form received June 17, 2021 (Doc. 15 at 3-4), Plaintiff's CDC incoming and outgoing mail log (Doc. 15 at 5) and Plaintiff's CDCR Inmate Statement Report (Doc. 15 at 6).

Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial

court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned. Fed. R. Evid. 201(b). Here, the documents Plaintiff has submitted are not the types of adjudicative facts that are judicially noticeable. Accordingly, Plaintiff's request for judicial notice (Doc. 15) is denied.

Regarding Plaintiff's Demand for Trial by Jury (Doc. 16), claims brought under 42 U.S.C. § 1983 are triable by jury. <u>City of Monterey v. Del Monte Dunes at Monterey, Ltd.</u>, 526 U.S. 687, 709 (1999); Fed. R. Civ. P. 38(a). Accordingly, unless the parties to the action stipulate to a court trial, this action shall remain a jury action. Fed. R. Civ. P. 39(a).

Finally, Plaintiff is advised that the Court will screen her complaint in due course.

IT IS SO ORDERED.

Dated:   **February 17, 2022**           /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE