UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. MARTINEZ,<br><br>　　　　　Defendant. | Case No. 1:21-cv-01144-JLT-SKO (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 43) |

Plaintiff Lyralisa Lavena Stevens is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Martinez and Peterson for violations of Plaintiff's constitutional rights.

**I.　INTRODUCTION**

The Court issued its Discovery and Scheduling Order on April 1, 2024. (Doc. 37.) On September 3, 2024, Defendant Peterson filed a motion to compel discovery responses. (Doc. 38.)

On October 2, 2024, when Plaintiff failed to file an opposition or statement of non-opposition to the discovery motion, the Court issued its "Order to Show Cause Why Sanctions Should Not Be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition" (OSC) (Doc. 40.) Plaintiff was directed to file a written response to the OSC within 14 days. (*Id*. at 2.)

On October 15, 2024, Plaintiff filed an opposition to Defendant Peterson's motion to compel.[1] (Doc. 41.) Defendant Peterson filed a reply on October 23, 2024. (Doc. 42.)

On October 30, 2024, Defendants Martinez and Peterson filed a Motion to Modify the Discovery and Scheduling Order. (Doc. 43.)

## II.   DISCUSSION

Motion to Modify Discovery and Scheduling Order

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id.*

Defendants request that the Court vacate the dispositive motion filing deadline and reset the deadline 90 days after the Court resolves Defendant Peterson's pending motion to compel. (Doc. 43 at 3.) Defendants' motion is accompanied by the Declaration of Krista-Denise Matsumura, counsel for Defendants. (Doc. 43-1.) Defense counsel states she has worked diligently to analyze and develop defenses, including reviewing all pertinent documents, propounding discovery, conducting Plaintiff's deposition, and commencing preparation of a summary judgment motion. (*Id*., ¶ 3.) Counsel states Plaintiff has failed to respond to request number 4 in Defendant Peterson's June 26, 2024, Request for Production of Documents, Set One. (*Id*., ¶ 4-5.) Thus, Defendant Peterson filed a motion to compel on September 3, 2024. (*Id*., ¶ 6.)

Following the Court's OSC, Plaintiff filed objections to the motion on October 15, 2024, and Defendants filed their reply on October 23, 2024. (*Id*., ¶¶ 7-9.) As of October 30, 2024, Plaintiff has not responded to the outstanding discovery that "is not only relevant, but also necessary to the defense of the two Defendants." (*Id*., ¶ 10.) Defense counsel notes the parties are presently awaiting the Court's ruling on the pending motion to compel. (*Id*., ¶ 11.) Counsel states

---

[1] Plaintiff's document is titled "Plaintiff is hereby objecting to the Defendant's motion to compel Plaintiff to participate in depositions as a witness for Defendant's and against herself."

this is her first request to extend the dispositive motion filing deadline and that setting a new dispositive motion filing deadline 90 days after the Court's ruling on the pending motion to compel will not prejudice Plaintiff as there are no other deadlines in this action. (*Id.*, ¶ 12-14.)

The Court finds Defendants have established good cause to modify the dispositive motion filing deadline and will grant the motion. *Johnson*, 975 F.2d at 609. The Court will reset the dispositive motion deadline when it issues a ruling on Defendant Peterson's pending motion to compel.

### III.    CONCLUSION AND ORDER

Accordingly, and for good cause shown, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to modify the scheduling order (Doc. 43) is **GRANTED**;
2. The deadline for filing a dispositive motion is **VACATED**; and
3. The Court will reset the dispositive motion deadline when resolving Defendant Peterson's pending motion to compel.[2]

IT IS SO ORDERED.

Dated:   **November 1, 2024**            /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The motion to compel was deemed submitted with the filing of Defendants' reply on October 23, 2024. *See* Local Rule 230(*l*). This Court is one of the busiest district courts in the nation. The undersigned carries a heavy caseload, and delays are inevitable. The pending motion will be decided in due course.