UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>        Plaintiff,<br><br>    v.<br><br>C. MARTINEZ,<br><br>        Defendant. | Case No. 1:21-cv-01144-JLT-SKO (PC)<br><br>**ORDER GRANTING DEFENDANT PETERSON'S MOTION TO COMPEL**<br><br>(Doc. 38) |

Plaintiff Lyralisa Lavena Stevens is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Martinez and Peterson for violations of Plaintiff's constitutional rights.

**I.    INTRODUCTION**

On September 3, 2024, Defendant Peterson filed a motion to compel a response from Plaintiff to request number 4 of Peterson's request for production of documents. (Doc. 38.)

When more than 21 days passed, on October 2, 2024, the Court issued its "Order to Show Cause (OSC) Why Sanctions Should Not Be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition." (Doc. 40.) Plaintiff was directed to show cause in writing, within 14 days, why sanctions should not be imposed. Alternatively, Plaintiff could file an opposition or statement of non-opposition to Defendant's motion within that same time. (*Id*. at 2.)

On October 15, 2024, Plaintiff filed a document titled "Plaintiff is Hereby Objecting to the Defendant's Motion to Compel Plaintiff to Participate in Depositions as a Witness for Defendant's and Against Herself." (Doc. 41.) On October 23, 2024, Defendant Peterson filed a reply to Plaintiff's response. (Doc. 42.)

On October 30, 2024, Defendants Martinez and Peterson filed a Motion to Modify the Discovery and Scheduling Order. (Doc. 43.) The Court granted the motion on November 1, 2024, vacating the deadline for the filing of dispositive motions and stating the deadline would be reset "when resolving Defendant Peterson's pending motion to compel." (*Id*. at 3.)

## II. DISCUSSION

### A. The Parties' Contentions

Request number 4 seeks "any and all Gender Identity Questionnaires, which identify [Plaintiff] as male instead of a female." Plaintiff responded to Peterson's request for production of documents on July 5, 2024, however, she did not respond to request number 4. Defense counsel states that during Plaintiff's deposition taken July 10, 2024, Plaintiff was asked whether she has seen a Gender Identity Questionnaire misgendering her; Plaintiff responded she would review her documents and produce any Gender Identifying Questionnaires in her possession. Peterson contends the deadline for Plaintiff's response has passed and Plaintiff failed to respond to request number 4.

Plaintiff appears to object to Defendant Peterson's motion because the motion seeks to compel her participation in a deposition "as a witness against herself." Plaintiff mistakenly believes the Court previously granted the motion to compel, citing to the issuance of the OSC regarding her failure to oppose the motion. Plaintiff contends she cannot be compelled to testify against herself pursuant to the Fifth and Fourteenth Amendments.

Plaintiff next states sanctions should not be imposed "because Google detected malware in the Defendant's Attorney's Email," disabling her computer and erasing "Judge Chrisakis's file" in a Kings County Superior Court case. In a heading titled "Judgment Sought," Plaintiff asks the Court to deny the "motion to compel Plaintiff to participate in any depositions concocted to make Plaintiff a witness against herself and for the Defendants," to "void all orders to compel

1 Plaintiff if such has been issued," and to deny sanctions against Plaintiff "but to grant Plaintiff the
2 full sum certain of all monetary damages sought, in the sum of $900,500.00."

3 Defendant Peterson states that Plaintiff has failed to address the arguments in the motion
4 to compel and instead raises arguments unrelated to the instant action. Peterson contends
5 Plaintiff's reference to Deputy Attorney General Robert Henkels's deposition of Plaintiff involves
6 another action "not connected to the case at bar." Peterson states Plaintiff's references to alleged
7 malware having caused a delay in responses does not excuse Plaintiff's failure to respond to
8 Peterson's motion or discovery request. Peterson contends Plaintiff's argument concerning the
9 Fifth and Fourteenth Amendments and her assertion she cannot be a witness against herself are
10 "completely irrelevant, as Defendant has already deposed Plaintiff in this matter."

### B. Applicable Legal Standards

The Court has broad authority to manage its docket and control discovery. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("broad discretion is vested in the trial court to permit or deny discovery"); *see also Faigin v. Kelly*, 184 F.3d 67, 84 (1st Cir. 1999) ("A district court's case-management powers apply with particular force to the regulation of discovery and the reconciliation of discovery disputes").

A motion to compel is appropriate where a party fails to produce relevant, non-privileged documents requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3). If a party, in response to a request for production under Rule 34, fails to produce or permit inspection, the discovering party may move for an order compelling production. *Id*. An evasive or incomplete answer or response to a discovery request "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P 37(a)(4). The party seeking the motion to compel discovery has the burden of informing the court why the defendants' objections are not justified or why the defendants' responses are deficient.

Generally, if a responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating that the objections are unjustified. *See, e.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011). This requires the moving party to inform the court which discovery requests are the

subject of the motion to compel, and for each disputed response, why the information sought is relevant and why the objections lack merit. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3. The opposing party is "required to carry a heavy burden of showing why discovery was denied." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The court has broad discretion to manage discovery, although as a pro se litigant is entitled to leniency. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

### C. Analysis

Defendant Peterson seeks Plaintiff's response to the following request:

> **REQUEST FOR PRODUCTION NO. 4**:
>
> All documents, including any and all Gender Identity Questionnaires, which identify you as a male instead of a female.

(Doc. 38-1 at 4.) In a declaration supporting the motion, Deputy Attorney General Krista-Denise Matsumura states "Plaintiff failed to provide a response to Request for Production No. 4 at all." (Doc. 38 at 6, ¶ 3.)

Plaintiff's first amended complaint alleges Peterson approved a gender identity questionnaire prepared by Defendant Martinez that falsely identified Plaintiff as male instead of female in violation of her due process rights. During Plaintiff's deposition on July 10, 2024, Plaintiff agreed to provide any Gender Identity Questionnaires in her possession which misgendered Plaintiff. (*Id.*, ¶ 4.) Peterson is entitled to the discovery response. *Hallett*, 296 F.3d at 751. Plaintiff has failed to carry the burden to show why Peterson's motion should be denied, even affording Plaintiff leniency as a pro se litigant. *Hunt*, 672 F.3d at 616.

Deputy Attorney General Robert Henkel is not involved in this action. A review of the docket reveals Ms. Matsumura has represented Defendants Martinez and Peterson since service of Plaintiff's first amended complaint was ordered by this Court. (*See, e.g.*, Doc. 30, 31 & 35.) Ms.

1  Matsumura has already taken Plaintiff's deposition and Plaintiff's objection regarding a
2  deposition involving Mr. Henkel is irrelevant.

3  Plaintiff contention that she has been delayed in responding due to malware affecting her
4  computer is not persuasive. Plaintiff's own exhibits reveal any difficulty involving her computer
5  arose August 13, 2024, (Doc. 41 at 6), but her responses to Peterson's request for production of
6  documents were due no later than August 12, 2024. Plaintiff also agreed to provide any relevant
7  documents in her possession during her July 10, 2024, deposition. Plaintiff has neither produced a
8  Gender Identity Questionnaire misgendering her, nor indicated she does not have such a
9  document.

10  Plaintiff appears to have confused this action with another action by Plaintiff pending in
11  this Court: *Stevens v. Beard, et al.*, No. 1:17-cv-01002-JLT-SAB. Robert W. Henkels represents
12  the defendants in that action. Plaintiff's confusion does not excuse her failure to respond to
13  Defendant Peterson's discovery request in this action. Plaintiff will be compelled to respond to
14  Peterson's request number 4 within 21 days, and the Court will reset the dispositive motion
15  deadline for this action.

### III.  CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. Defendant Peterson's motion to compel (Doc. 38) is **GRANTED**;
2. Plaintiff **SHALL** respond to Peterson's Request for Production No. 4, **no later than 21 days from the date of service of this order**, by providing any responsive documents, or a written response indicating she is not in possession of any documents responsive to request number 4, to Defendant Peterson;
3. The dispositive motion deadline is **RESET** to **February 21, 2025**.

IT IS SO ORDERED.

Dated:   **December 16, 2024**            /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

5