UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>        Plaintiff,<br><br>    v.<br><br>C. MARTINEZ,<br><br>        Defendant. | Case No. 1:21-cv-01144-JLT-SKO (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO VACATE THE DEADLINE FOR FILING DISPOSITIVE MOTIONS PENDING RESOLUTION OF MOTION FOR TERMINATING SANCTIONS**<br><br>(Doc. 49) |

Plaintiff Lyralisa Lavena Stevens is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Martinez and Peterson for violations of Plaintiff's constitutional rights.

**I.  BACKGROUND**

The Court issued its Discovery and Scheduling Order on April 1, 2024. (Doc. 37.)  On December 17, 2024, the Court issued its Order Granting Defendant Peterson's Motion to Compel. (Doc. 45.) Plaintiff was ordered to "respond to Peterson's Request for Production No. 4, no later than 21 days from the date of service of this order, by providing responsive documents, or a written response indicating she is not in possession of any documents responsive to request number 4 …." (*Id*. at 5.)

On February 25, 2025, the Court granted Defendants' second motion to modify the scheduling order, extending the dispositive motion filing deadline to May 22, 2025. (Doc. 47.)

1       On March 28, 2025, Defendants filed a Motion for Terminating Sanctions. (Doc. 48.) Plaintiff's opposition or statement of non-opposition to this motion is due by April 18, 2025, plus time for mailing.

      On April 1, 2025, Defendants filed a Motion to Vacate Deadlines Pending Decision on Motion for Terminating Sanctions.[1] (Doc. 49.) The Court finds a response by Plaintiff to be unnecessary and will consider the instant motion.

## II.    DISCUSSION

      Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*.

      Defendants assert Plaintiff's failure to participate in discovery proceedings and to comply with the Court's Order granting Defendant Peterson's motion to compel warrants granting the motion to vacate the remaining deadline for the filing of dispositive motions. (Doc. 49 at 3.) They contend they cannot adequately prepare a merits-based dispositive motion without reviewing the Gender Identity Questionnaire that was the subject of their motion to compel. (*Id*.) Defense counsel states that following the Court's December 17, 2024, order granting Defendant Peterson's motion to compel, Plaintiff failed to submit the required response, and as of the date of this motion, Defendants still have not received the information from Plaintiff. (Doc. 49-1 at 2, ¶ 10.) Counsel contends the motion for terminating sanctions may dispose of this action, and therefore, vacating the May 22, 2025, dispositive motion filing deadline is in the best interest of judicial efficiency and economy. (*Id*., ¶ 11.)

      The Court finds Defendants have demonstrated good cause for a modification of the scheduling order. The Court will vacate the remaining deadline for filing merits-based dispositive

---

[1] The only deadline remaining pertains to the filing of merits-based dispositive motions. All other discovery deadlines have elapsed.

motions until the motion for terminating sanctions is resolved. The Court will then reset the deadline, if needed.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS**:

1. Defendants' motion to vacate the dispositive motion deadline (Doc. 49) is **GRANTED**; and
2. The May 22, 2025, deadline for filing dispositive motions is **VACATED**. The deadline will be reset, if needed, following resolution of Defendants' pending motion for terminating sanctions.

IT IS SO ORDERED.

Dated:    **April 2, 2025**                         /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE