|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| LYRALISA LAVENA STEVENS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. MARTINEZ,<br><br>　　　　　Defendant. | Case No. 1:21-cv-01144-JLT-SKO (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE LOCAL RULES**<br><br>**14-DAY DEADLINE** |
|---|---|

Plaintiff Lyralisa Lavena Stevens is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Martinez and Peterson for violations of Plaintiff's constitutional rights.

**I.　　BACKGROUND**

On December 17, 2024, this Court issued its Order Granting Defendant Peterson's Motion to Compel. (Doc. 45.) Plaintiff was ordered to respond to Defendant Peterson's Request for Production No. 4, regarding any Gender Identity Questionnaire, within 21 days "by providing any responsive documents, or a written response indicating she is not in possession of any documents response to request number 4, to Defendant Peterson." (*Id*. at 5.)

On March 28, 2025, Defendants filed a motion for terminating sanctions for Plaintiff's failure to respond to Defendant Peterson's discovery requests. (Doc. 48.) More than 21 days have passed, and Plaintiff has not filed a response to Defendants' pending motion.

## II. DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

The Local Rule concerning motions in prisoner actions provides, in relevant part:

> Opposition, if any to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

Local Rule 230(*l*). Here, Plaintiff's opposition, or statement of non-opposition to Defendants' motion for terminating sanctions was to be filed "not more than twenty-one (21) days after the date of service of the motion," or no later than April 18, 2025. More than 21 days have passed, yet Plaintiff has failed to file either an opposition or a statement of non-opposition to Defendant's March 28, 2025, motion.

//
//
//
//

2

### III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing,[1] **within 14 days** of the date of service of this order, why this action should not be dismissed for her failure to comply with the Local Rules. Alternatively, within that same time, Plaintiff may file her opposition or statement of non-opposition to Defendants' pending motion for terminating sanctions. **Failure to comply with this order may result in a recommendation that this action be dismissed for a failure to a failure to comply with the Local Rules. Alternatively, a failure to comply with this order may result in a recommendation to grant Defendants' motion for terminating sanctions as unopposed**.

IT IS SO ORDERED.

Dated:   **May 2, 2025**                             /s/ *Sheila K. Oberto*
                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes it has previously issued an OSC for Plaintiff's previous failure to file an opposition or statement of non-opposition to Defendant Peterson's motion to compel. (*See* Doc. 40 [issued 10/2/2024].)