UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>           Plaintiff,<br><br>     v.<br><br>C. MARTINEZ,<br><br>           Defendant. | Case No. 1:21-cv-01144-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' UNOPPOSED MOTION FOR TERMINATING SANCTIONS**<br><br>(Doc. 48)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Lyralisa Lavena Stevens is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Martinez and Peterson for violations of Plaintiff's constitutional rights.

**I.     BACKGROUND**

On December 17, 2024, the Court issued its Order Granting Defendant Peterson's Motion to Compel. (Doc. 45.) Plaintiff was ordered to respond to Peterson's Request for Production No. 4, within 21 days from the date of service of the order, "by providing any responsive documents, or a written response indicating she is not in possession of any documents responsive to request number 4, to Defendant Peterson." (*Id*. at 5.)

Following modification of the Discovery and Scheduling Order and the deadline pertaining to the filing of dispositive motions (*see* Doc. 47), on March 28, 2025, Defendants filed

1  a Motion for Terminating Sanctions, asserting Plaintiff has failed to comply with her discovery
2  obligations. (Doc. 48.) On April 1, 2025, Defendants asked the Court to vacate the dispositive
3  motion deadline pending resolution of their motion for terminating sanctions; the motion was
4  granted the following day. (Docs. 49 & 50.)

When more than 21 days passed without a response from Plaintiff to Defendants' pending motion for terminating sanctions, on May 5, 2025, the Court issued its Order to Show Cause (OSC) in Writing Why Action Should not be Dismissed for Plaintiff's Failure to Comply with the Local Rules. (Doc. 51.) Plaintiff was directed to respond in writing within 14 days, or, in the alternative, to file an opposition or statement of non-opposition to Defendants' motion for terminating sanctions within that same period. (*Id*. at 3.) Plaintiff did not respond to the OSC in any way and the Court considers Defendants' motion to be unopposed.

**II.    DISCUSSION**

Defendants contend that Plaintiff's refusal to participate in the discovery process and intentional violation of this Court's express order that Plaintiff respond to Defendant Peterson's Request for Production No. 4 regarding "'any and all Gender Identity Questionnaires, which identify [her] as a male instead of a female'" — the existence of which "this entire case hinges"— warrant terminating sanctions. (Doc. 48.)

**A.  Legal Standards**

The Local Rules of the Eastern District of California provide wide latitude to the Court regarding sanctions. Under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." The Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with an order compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[ ] the action or proceeding in whole or in part" if a party fails to comply with a discovery order. Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

1     It is within the discretion of a district court to order dismissal sanctions. *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citing *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "dismissal is a harsh penalty ... it should only be imposed in *extreme circumstances*." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)); *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).

The court may consider a party's pro se status in evaluating the willfulness of discovery violations and in weighing the other factors regarding dismissal, but lack of a lawyer does not excuse intentional noncompliance with discovery rules and court orders. *See Castillo v. Johnson*, 2021 WL 2165204, at *4 (C.D. Cal. May 25, 2021), adopted, 2021 WL 2165206 (C.D. Cal. May 26, 2021); *Dettmanti v. Davies*, No. CV 13-3484-MWF (JPR), 2016 WL 649530 at *3 (C.D. Cal. Sept. 28, 2016) (citing *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000)) (affirming sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery"); *Gordon v. Cnty. Of Alameda*, No. CV-06-02997-SBA, 2007 WL 1750207 at *5 (N.D. Cal. June 15, 2007) ("pro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted").

The Court must consider five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Hernandez*, 138 F.3d at 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (citation omitted).

Not all factors must weigh in favor of dismissal for the sanction to be imposed. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987); *see also Ferdik*, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here" [citation omitted])).

### B. Analysis

As an initial matter, the Court finds Plaintiff's failure to respond to Defendant Peterson's Request for Production No. 4 to be willful and within her control. *Jorgensen*, 320 F.3d at 912 ("Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault"). While Plaintiff eventually opposed Defendant Peterson's motion to compel, the Court ultimately granted Peterson's motion and ordered Plaintiff to respond within 21 days. Plaintiff failed to do so, and as of the date Defendants' motion was filed—March 28, 2025—Plaintiff has still not complied with the Court's order compelling a response. Plaintiff also failed to respond to the Court's OSC following her failure to file an opposition or statement of non-opposition to the instant motion. Lastly, the Court notes that its orders issued on December 17, 2024 (granting Peterson's motion to compel), February 25, 2025 (modifying the scheduling order), April 2, 2025 (vacating the dispositive motion filing deadline), and May 5, 2025 (OSC) were served to Plaintiff's address on record with the Court and have not been returned by the United States Postal Service as undeliverable, reflecting that Plaintiff has received those orders. *See* Local Rule 182(f). In sum, these circumstances demonstrate Plaintiff's willful disobedience of the Court's orders.

The Court now turns to its consideration of the relevant dismissal factors.

#### 1. Public Interest in the Expeditious Resolution of Cases

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). In this case, Plaintiff has failed to fulfill her discovery obligations: to comply with this Court's Discovery and Scheduling Order and its December 17, 2024, order directing Plaintiff to respond to Defendant Peterson's Request for Production No. 4. Plaintiff's refusal to comply with discovery obligations and complete failure to

4

1  comply with the December 2024 order have delayed the expeditious resolution of this case. The
2  public interest in efficient resolution of cases has thus been thwarted by Plaintiff's refusal to
3  participate in the discovery process.

### 2. The Court's Need to Manage Its Docket

Plaintiff's continued failure to cooperate in discovery and to follow the Court's orders have consumed limited judicial time and resources. The Eastern District of California has one of the heaviest caseloads in the country, and Plaintiff's continued refusal to participate in the discovery process has already resulted in its consideration of a motion to compel (Doc. 38), and the extension of the dispositive motion deadline (Doc. 47), demanding the Court's attention, time, and resources, prior to consideration of the instant motion for sanctions (Doc. 48). Thus, considerations of judicial economy weigh in favor of terminating sanctions. *Ferdik*, 963 F.2d at 1261.

### 3. Risk of Prejudice to Defendants

"While [the mere pendency of a lawsuit] may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Rather, "[i]n determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.3d at 131 (citation omitted). The risk of prejudice is considered in relation to a plaintiff's reason for defaulting. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Yourish*, 191 F.3d at 991).

After first failing to respond completely to Defendant Peterson's request for production of documents, Plaintiff failed to comply with this Court's order to provide a response to Request for Production No. 4. Defendant Peterson is entitled to have discovery requests answered and Plaintiff's continued refusal to engage in the discovery process is decidedly prejudicial to Defendants. Accordingly, there appears to be no justifiable reason for Plaintiff's failure to comply with the Court's order and this factor also favors dismissal.

//

//

### 4. Public Policy Favoring Merits Resolution

The general policy favoring disposition of cases on their merits always weighs against terminating sanctions. *Yourish*, 191 F.3d at 992 (citation & internal quotation marks omitted). However, this policy alone is not sufficient to outweigh the other factors. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960-61 (9th Cir. 2006) (citation omitted).

### 5. Availability and Effectiveness of Less Drastic Sanctions

The undersigned finds no other, lesser sanctions that would be satisfactory or effective. While Plaintiff is not proceeding in forma pauperis in this action (*see* Docs. 14), there is nothing in this record to indicate that imposing monetary sanctions will induce Plaintiff to cooperate or prosecute her case. Nor does it appear that evidentiary sanctions would be an effective alternative given Plaintiff's failure to participate in discovery. Further, the parties were warned as follows in the scheduling order: "**The parties are required to act in good faith during the course of discovery and are reminded that failure to do so may result in the imposition of sanctions**." (Doc. 37 at 3, emphasis in original.) Moreover, when Plaintiff failed to respond to the instant motion, in the OSC, Plaintiff was warned: "**Failure to comply with this order may result in a recommendation that this action be dismissed for a failure to [] comply with the Local Rules. Alternatively, a failure to comply with this order may result in a recommendation to grant Defendants' motion for terminating sanctions as unopposed**." (Doc. 51 at 3, emphasis in original.) *See, e.g.*, *Ferdik*, 963 F.2d at 1262 (a "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citing *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424)). For these reasons, the undersigned finds that lesser sanctions would be ineffective and insufficient to address Plaintiff's failures, and that Plaintiff has been adequately warned.

### C. Summary

The undersigned finds dismissal pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) appropriate as four of the five applicable factors weigh in favor of dismissal. Dismissal pursuant to Federal Rule of Civil Procedure 41(b) is also appropriate as Plaintiff has failed to prosecute the action and to comply with Court orders.

### III.    CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court **HEREBY RECOMMENDS** that:

1. Defendants' motion for terminating sanctions (Doc. 48) be **GRANTED**;
2. This action be dismissed for Plaintiff's failure to prosecute and failure to obey court orders; and
3. The Clerk of the Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **June 13, 2025**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE